UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. STUART, | No. 2:24-cv-2057 CSK P |
| Petitioner, | |
| v. | ORDER & FINDINGS & RECOMMENDATIONS |
| ROB ST. ANDRE, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  For the following reasons, this Court recommends that this action be dismissed.

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

In the petition, filed July 29, 2024, petitioner alleges that the trial court ordered petitioner to pay $16,069.45 in restitution, of which $6,645.10 was unproven as economic loss to the victim.  (ECF No. 1 at 18.)  As relief, petitioner requests that this Court dismiss the $6,645.10 portion of the restitution order, and order that petitioner owes only $9,242.35 in restitution.  (Id. at 16.)

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*,' (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody."  Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

The Ninth Circuit has made clear that Section 2254 does not confer jurisdiction over a habeas petition raising an in-custody challenge to a restitution order.  See Bailey, 599 F.3d at 979 (noting the Ninth Circuit has "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements."); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) ("[C]ourts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement.") (gathering cases); Allen v. Samuels, 2023 WL 3626272, at *2 (E.D. Cal. May 24, 2023), findings and recommendations adopted, 2023 WL 4163000 (E.D. Cal. Jun. 23, 2023) (claim alleging that court improperly imposed a restitution fine in excess of petitioner's ability to pay did not meet the custody requirement of 28 U.S.C. § 2254); Gutierrez v. Groves, 2017 WL 840655, at *62 (E.D. Cal. Mar. 3, 2017), findings and recommendations adopted, 1:14-cv-1753 AWI-JLT (E.D. Cal. May 10, 2017) ("Petitioner is not in custody pursuant to a restitution fine; therefore, a challenge to the restitution fine has no effect on Petitioner's custody."); Scott v. Compton Superior Court, 2020 WL 2797296, at *2 (C.D. Cal. May 28, 2020) ("Petitioner's claim challenging his restitution fine, however, does not 'call into question the lawfulness of the conviction or confinement[,]' challenge the fact or duration of his custody, or 'seek[ ] immediate or speedier release.'").

Petitioner's claim in the instant action challenging the restitution order is not cognizable under Section 2254.  Because petitioner's challenge to the restitution order is not cognizable via a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, this Court recommends that this action be dismissed.

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a
2 district judge to this action; and

3    IT IS HEREBY RECOMMENDED that this action be dismissed.

4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, petitioner may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
9 he shall also address whether a certificate of appealability should issue and, if so, why and as to
10 which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
11 applicant has made a substantial showing of the denial of a constitutional right."
12 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified
13 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
14 (9th Cir. 1991).

16 Dated:  August 7, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Stu2057.dis
2

3